# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMOTHY YOUNG** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-3126** |
| **ROBERT TANNER, CCE, WARDEN** | **SECTION "B"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.   STATE COURT PROCEDURAL BACKGROUND

The petitioner, Timothy Young, is incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.[2] Young and a co-defendant, Kenneth J. Edmunds, were charged by bill of information in St. Tammany Parish on July 25, 1997, with two counts of armed robbery.[3] Young initially proceeded to trial before a jury on February 22, 1999.[4] On February 23, 1999, the second day of trial, Young entered a plea of guilty to both counts of armed robbery.[5] The state trial court sentenced Young that day to serve 30 years in prison at hard labor on each count concurrently, without benefit of parole, probation or suspension of sentence.[6]

Young's conviction became final five days later, on March 2, 1999, because he did not appeal or seek reconsideration of his sentences. Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); see Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code

---

[2] Rec. Doc. No. 1.

[3] St. Rec. Vol. 1 of 2, Bill of Information, 7/25/97.

[4] St. Rec. Vol. 2 of 2, Trial Minutes, 2/22/99.

[5] St. Rec. Vol. 2 of 2, Plea Minutes, 2/23/99; St. Rec. Vol. 1 of 2, Plea Transcript, 2/23/99.

[6] Id.

2

Crim. P. art. 914[7]); La. Code Crim. P. art. 13 (weekend not included in the calculation of a period less than seven days).

One year later, on March 2, 2000,[8] Young submitted an application for post-conviction relief which was file-stamped by the state trial court on June 12, 2000.[9] He alleged six grounds of ineffective assistance of counsel during his plea and sentencing processes. On June 20, 2000, the state trial court denied the application, finding that Young failed to meet either prong of the test set forth in Strickland v. Washington, 466 U.S. 668 (1984).

Young sought timely review of this order in the Louisiana First Circuit Court of Appeal on July 18, 2000.[10] On February 9, 2001, the court denied relief on the showing

---

[7]The Cousin court recognized that the failure to move timely for appeal under La. Code Crim. P. art. 914 render the conviction and sentence final at the expiration of that period. State v. Counterman, 475 So.2d 336, 338 (La. 1985). At the time of Cousin, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal.

[8]Young actually dated the affidavit attached to the application "2nd day of March, 2001." Affording him every benefit, the court will presume that he intended to date the affidavit in the year 2000, since the pleading itself was filed in the state trial court on June 12, 2000.

[9]St. Rec. Vol. 1 of 2, Uniform Application for Post-Conviction Relief, 6/12/00 (dated 3/2/0<u>1</u>) (see previous footnote re signing date). The court will presume that Young's signature date is the earliest date on which he could have submitted the pleadings to prison officials for mailing to the state trial court for filing.

[10]The filing date of this writ application was obtained by my staff from the office of the clerk of court for the Louisiana First Circuit. St. Rec. Vol. 1 of 2, Copy of 1st Cir. Writ Application (dated 3/2/0<u>1</u>). Young again dated the certificate attached to this application March 2, 2001, rather than with a 2000 date prior to the actual filing.

made.[11] The Louisiana Supreme Court denied Young's related writ application without stated reasons on December 14, 2001.[12]

More than 16 months later, Young submitted a motion to withdraw his guilty plea to the state trial court.[13] The court denied the motion on May 7, 2003, without stated reasons.[14] Young sought review of that ruling in the Louisiana First Circuit on May 22, 2003.[15] The court denied the application on August 11, 2003, because Young failed to provide the documents required for review.[16] The court gave him until September 8, 2003, to refile the application with the necessary documents.

Young filed his next writ application with the Louisiana First Circuit on July 9, 2004, seeking review of the prior denial of his motion to withdraw the guilty plea.[17] The court denied the application on October 4, 2004, finding that the underlying motion to

---

[11] St. Rec. Vol. 1 of 2, 1st Cir. Order, 2000-KW-1620, 2/9/01.

[12] State ex rel. Young v. State, 803 So.2d 987 (La. 2001). The State failed to mention this writ application in its pleadings or provide records of it to this court. Based on the information my staff obtained from the office of the clerk of the Louisiana Supreme Court, the application was filed in the Louisiana Supreme Court on March 29, 2001, and was postmarked March 8, 2001, within the 30 day period allowed by La. S. Ct. R. X§5.

[13] St. Rec. Vol. 1 of 2, Motion to Withdraw Guilty Plea, dated 4/28/03.

[14] St. Rec. Vol. 1 of 2, Trial Court Order, 5/7/03.

[15] The record does not contain a copy of this writ application. The filing date was obtained by my staff from the office of the clerk of court for the Louisiana First Circuit.

[16] St. Rec. Vol. 1 of 2, 1st Cir. Order, 2003-KW-1105, 8/11/03.

[17] The record does not contain a copy of this writ application. The filing date was obtained from the office of the clerk of court for the Louisiana First Circuit.

4

withdraw was untimely filed pursuant to La. Code Crim. P. art. 930.8[18] and State ex rel. Chauvin v. State, 814 So.2d 1 (La. App. 1st Cir. 2000). The court also denied Young's subsequent writ application on January 24, 2005 without stated reasons.[19]

Two years later, on January 19, 2007, Young submitted a second application for post-conviction relief to the state trial court in which he raised the following grounds for relief:[20] (1) His guilty plea was made without a knowing, voluntary and intelligent waiver of his constitutional rights. (2) The evidence did not support a guilty verdict of armed robbery. (3) He was denied effective assistance of counsel which resulted in actual prejudice. The trial court denied the application on February 5, 2007, finding no merit in these claims.[21] On May 2, 2007, the Louisiana First Circuit denied Young's related writ application, filed on April 5, 2007, for seeking untimely relief pursuant to La. Code Crim. P. art. 930.8.[22]

---

[18] At the time of his conviction, La. Code Crim. P. art. 930.8 provided three years for a defendant to file for post-conviction relief. It was amended later that year to two years. La. Acts 1999, No. 1262, § 1.

[19] St. Rec. Vol. 1 of 2, 1st Cir. Order, 2004-KW-2614, 1/24/05. The application in this case was filed in the Louisiana First Circuit on November 24, 2004. The record does not contain a copy of this writ application. The filing date was obtained by my staff from the office of the clerk of court for the Louisiana First Circuit.

[20] St. Rec. Vol. 1 of 2, Uniform Application for Post-Conviction Relief, 1/23/07 (dated 1/19/07).

[21] St. Rec. Vol. 1 of 2, Reasons for Judgment, 2/5/07.

[22] St. Rec. Vol. 1 of 2, 1st Cir. Order, 2007-KW-0687, 5/2/07; St. Rec. Vol. 2 of 2, 1st Cir. Writ Application, 2007-KW-0687, 4/5/07 (dated 4/3/07); see also, Motion to Set Return Date, 3/1/07 (dated 2/28/07); Trial Court Order, 3/6/07 (setting return date for 4/6/07).

Young untimely[23] submitted a writ application to the Louisiana Supreme Court on June 9, 2007, seeking review of the lower courts' rulings.[24] The court denied the application on May 2, 2008 as seeking untimely review under La. Code Crim. P. art. 930.8 and State ex rel. Glover v. State, 660 So.2d 1189 (La. 1995).[25]

According to Young's verified state court pleading filed two years later, he filed a motion to correct an illegal sentence in the trial court on December 14, 2009.[26] The motion was denied by order dated December 23, 2009.[27] The records provided by the State and by the plaintiff do not contain copies of the order or the motion.

---

[23]Under La. S. Ct. R. X§5, an application must be mailed or filed within 30 days after the appellate court's ruling to be properly filed and reviewable.

[24]St. Rec. Vol. 2 of 2, La. S. Ct. Writ Application, 07-KH-1621, 8/7/07 (dated 6/9/07, postal metered 7/19/07); St. Rec. Vol. 1 of 2, La. S. Ct. Letter, 2007-KH-1621, 8/7/07 (showing postal meter of 7/19/07).

[25]State ex rel. Young v. State, 979 So.2d 1280 (La. 2008); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2007-KH-1621, 5/2/08.

[26]This date is the submission date provided by Young in his 2010 Louisiana Supreme Court writ applications. St. Rec. Vol. 2 of 2, La. S. Ct. Writ Application, 10-KH-938, Exhibit List, p. 4, 4/23/10 (dated 4/21/10). Young also provides this date in his memorandum in support of his federal petition. Rec. Doc. No. 1, p. 8.

[27]Id.; see also, St. Rec. Vol. 2 of 2, Copy of 1st Cir. Writ Application, 2010-KW-0148, dated 1/20/10. In his memorandum, Young indicates that the court denied the motion on December 23, 2009, for raising "matter[s] previously considered." Rec. Doc. No. 1, p. 8.

Nevertheless, on January 20, 2010, Young submitted a writ application to the Louisiana First Circuit seeking review of the denial of that motion.[28] The court denied the application on March 26, 2010, citing La. Code Crim. P. art. 930.8.[29]

Young submitted a writ application to the Louisiana Supreme Court on April 21, 2010, seeking review of that order.[30] The court denied the application on April 25, 2011, citing La. Code Crim. P. art. 930.8, State ex rel. Glover v. State, 660 So.2d 1189 (La. 1995), and State v. Parker, 711 So.2d 694 (La. 1998).[31]

## II.   FEDERAL HABEAS PETITION

On December 27, 2011, the clerk of this court filed Young's petition for federal habeas corpus relief in which he alleges that he was denied effective assistance of counsel during his plea bargain discussions.[32] The State filed an answer and memorandum in opposition to Young's petition, arguing that his petition was not timely

---

[28]St. Rec. Vol. 2 of 2, Copy of 1st Cir. Writ Application, dated 1/20/10.

[29]St. Rec. Vol. 2 of 2, 1st Cir. Order, 2010-KW-0148, 3/26/10.

[30]St. Rec. Vol. 2 of 2, La. S. Ct. Writ Application, 10-KH-938, 4/23/10 (dated 4/21/10).

[31]State ex rel. Young v. State, 62 So.3d 77 (La. 2011); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2010-KH-0938, 4/25/11.  In State ex rel. Glover, the Louisiana Supreme Court held that an appellate court can deny post-conviction relief as untimely under La. Code Crim. P. art. 930.8, even if the lower court addressed the merits or did not consider timeliness.  In Parker, the Louisiana Supreme Court held that the limitation period under La. Code Crim. P. art. 930.8, preempts the language in La. Code Crim. P. art. 882 dealing with the timing of a motion to correct illegal sentence.

[32]Rec. Doc. No. 1, p. 9-12.

7

filed under federal law and that he is not entitled to equitable tolling.[33] The State urges that the petition must be dismissed as untimely.

III. GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[34] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Young's petition, which, for reasons discussed below, is deemed filed in this federal court on December 15, 2011.[35]

---

[33] Rec. Doc. Nos. 11, 12.

[34] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[35] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for statute of limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Young's petition was filed by the clerk of this court on December 27, 2011, when pauper status was granted. Young's signature on his memorandum in support of the petition was dated December 15, 2011. This is the earliest date appearing in the record on which he could have delivered his pleadings to prison officials for mailing.

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

Although its calculation is incomplete and contains other errors, the State correctly concludes and I find that Young's petition was not timely filed in this court under the AEDPA and should be dismissed for that reason.

IV.  STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition in most cases within one year of the date his conviction became final.[36] Duncan v. Walker, 533 U.S.

---

[36] The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
A.   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
D.   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

167, 179-80 (2001). In this case, Young's conviction was final on March 2, 1999, more than 12 years ago. Thus, under a literal application of the statute, Young had one year from the date his conviction became final, or until March 1, 2000,[37] to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Young has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my

---

[37] 2000 was a leap year with 29 days in February.

review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent. See Holland v. Florida, 130 S. Ct. 2549, 2574-75 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was

warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, however, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a <u>properly filed application for State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. <u>Flanagan</u>, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. <u>Duncan</u>, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

12

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas

13

petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005). Requests for document and transcript copies also are not other collateral review for purposes of the tolling calculation. Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); Brown v. Cain, 112 F. Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000); Gerrets v. Futrell, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); Jones v. Johnson, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); Grayson v. Grayson, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

The one-year AEDPA limitations period began to run in Young's case on March 3, 1999, the day after his conviction was final. The limitations period ran without interruption for 365 days, until March 1, 2000, when it expired. Young had no properly filed state post-conviction or other collateral review proceedings pending in any state court during that time period.

His first such pleading is deemed to have been submitted to the state trial court on March 2, 2000, the day after the AEDPA filing period expired. A filing made, however, after the AEDPA filing period has expired does not afford him any tolling.[38] See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); see also Lookingbill v. Cockrell, 293 F.3d 256, 265 (5th Cir. 2002) (missing the AEDPA limitations deadline by even a few days nevertheless renders a federal petition untimely).

In addition, as outlined above, the record demonstrates that Young subsequently allowed additional periods of time totaling more than five years, during which he had no properly filed state post-conviction or other collateral review pending in any state court, to lapse without filing a federal petition for habeas corpus relief. His federal habeas corpus petition deemed filed on December 15, 2011, is clearly time-barred on several levels and must be dismissed for that reason.

---

[38]Although the AEDPA statute of limitations is shorter than the filing period for post-conviction relief under state law, any conflict does not render the AEDPA unconstitutional and does not provide a basis for habeas corpus relief or equitable tolling. See, Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Ellis v. Martin, 202 F.3d 281, 1999 WL 1101241 at *3 (10th Cir. Dec. 6, 1999) (Table, Text in Westlaw).

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the petition of Timothy Young for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[39]

New Orleans, Louisiana, this __30th__ day of April, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[39] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.