**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TIMOTHY YOUNG** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-3126** |
| **ROBERT TANNER, CCE, WARDEN** | **SECTION: "B"(2)** |

## ORDER AND REASONS

Petitioner Timothy Young's ("Petitioner") Objection (Rec. Doc. No. 14) to the Magistrate Judge's Report and Recommendation (Rec. Doc. No. 13) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the findings of the Magistrate Judge (Rec. Doc. No. 14) are **ADOPTED** and that Petitioner's §2254 application for federal *habeas corpus* review is **DISMISSED WITH PREJUDICE** as untimely filed.

## PROCEDURAL HISTORY

Petitioner is incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana. (Rec. Doc. No. 13, p.2). Petitioner and a co-defendant were charged by Bill of Information in St. Tammany Parish on July 25, 1997 with two counts of armed robbery. (*Id.*). Young initially proceeded to trial, but later entered a plea of guilty to both counts. (*Id.*). The state trial court sentenced Petitioner that day to serve 30 years in prison on each count concurrently, without benefit of parole, probation or suspension of sentence. (Rec. Doc. No. 13, p.2). Petitioner's

conviction became final five days later, on March 2, 1999, because he did not appeal or seek reconsideration of his sentences.[1] (*Id.*).

One year later, on March 2, 2000, Petitioner submitted an application for post-conviction relief, which was denied by the state trial court on June 20, 2000.[2] (Rec. Doc. No. 13, p.3). Petitioner timely sought review of the trial court's ruling before the Louisiana First Circuit Court of Appeal, which was denied. (*Id.*). The Louisiana Supreme Court denied Petitioner's subsequent writ application without stated reasons. (Rec. Doc. No. 13, p.4).

More than 16 months later, Petitioner submitted a motion with the state trial court to withdraw his guilty plea, which was denied on May 7, 2003, without stated reasons. (Rec. Doc. No. 13, p.4). Petitioner sought review of that ruling in the Louisiana First Circuit Court of Appeal on May 22, 2003. (*Id.*). The court denied the application on August 11, 2003, finding that Petitioner failed to provide the documents required for review. (Rec. Doc. No. 13, p.4). The court gave Petitioner until September 8, 2003 to refile the application with the necessary documents. (*Id.*). Petitioner

---

[1] *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal *habeas* law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); *see Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under LA. CODE CRIM. PROC. art. 9147); LA. CODE CRIM. PROC. art. 13 (weekend not included in the calculation of a period less than seven days).

[2] Petitioner alleged six grounds of ineffective assistance of counsel during his plea and sentencing processes. The state trial court found that Petitioner failed to meet either prong of the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). (Rec. Doc. No. 13, p.3).

2

failed to do so, and, instead, filed a writ application with the Louisiana First Circuit on July 9, 2004, seeking review of the prior denial of his motion to withdraw the guilty plea. (*Id.*). The court denied the application on October 4, 2004, finding that the underlying motion to withdraw was untimely filed. (Rec. Doc. No. 13, pp.4-5). The court also denied Petitioner's subsequent writ application on January 24, 2005 without stated reasons. (Rec. Doc. No. 13, p.5).

Two years later, on January 19, 2007, Young submitted a second application for post-conviction relief to the state trial court in which he raised the following grounds for relief: (1) his guilty plea was made without a knowing, voluntary and intelligent waiver of his constitutional rights; (2) the evidence did not support a guilty verdict of armed robbery, and; (3) he was denied effective assistance of counsel, which resulted in actual prejudice. (Rec. Doc. No. 13, p.5). The trial court denied the application on February 5, 2007, finding no merit in these claims. (*Id.*). On May 2, 2007, the Louisiana First Circuit denied the subsequent writ application, filed on April 5, 2007, for seeking untimely relief pursuant to LA. CODE CRIM. PROC. art. 930.8.[3] (Rec. Doc. No. 13, p.5). Petitioner submitted a writ application to the Louisiana Supreme

---

[3] LA. CODE CRIM. PROC. art. 930.8 provides, in pertinent part:

A. No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final. . . .

3

Court on June 9, 2007, seeking review of the lower courts' rulings, and the court denied the application on May 2, 2008 as untimely. (Rec. Doc. No. 13, p.6).

Petitioner thereafter filed a motion to correct an illegal sentence in the trial court on December 14, 2009, which was denied on December 23, 2009. (*Id.*). On January 20, 2010, Petitioner submitted a writ application to the Louisiana First Circuit seeking review of the denial of that motion, which was denied as untimely on March 26, 2010. (Rec. Doc. No. 13, p.7). Petitioner's writ application seeking review of that order was denied on April 25, 2011. (*Id.*).

On December 27, 2011, Petitioner filed the instant petition for federal *habeas corpus* relief, in which he claimed that he was denied effective assistance of counsel. (Rec. Doc. No. 1). The State filed an answer and memorandum in opposition, arguing that his petition was not timely filed under federal law and that Petitioner was not entitled to equitable tolling. (Rec. Doc. No. 11). On April 30, 2012, the Magistrate Judge issued his Report and Recommendation, recommending that the instant petition for *habeas corpus* relief be dismissed with prejudice as time-barred. (Rec. Doc. No. 13).

Petitioner filed his Objection to Report and Recommendations on May 15, 2012. (Rec. Doc. No. 14).

**LAW AND ANALYSIS**

**A.   Standard of Review**

Petitioner's original writ for federal *habeas corpus* review under 28 U.S.C. § 2254 was filed with this Court on December 27, 2011. As this is after the effective date for the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), applicable to *habeas corpus* petitions, the instant petition is governed by § 2254 as amended by the AEDPA. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998), citing *Lindh v. Murphy*, 521 U.S. 320 (1997).

The AEDPA restricts the time-period for filing a federal *habeas corpus* action to one year from the date the conviction became final. 28 U.S.C. § 2244(d)(1); *see also Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). As noted above, Petitioner's conviction became final on March 2, 1999.

**B.   Timeliness of *Habeas* Petition**

Under § 2244(d)(1)(A), a petitioner must bring his federal *habeas* claim within one year of the date his conviction became final. *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). In the instant case, the AEDPA's one-year filing period began to run on March 3, 1999, the day after Petitioner's conviction became final. *See Flanagan*, 154 F.3d 196, 200 (1998) (affirming that Fed. R. Civ. P. 6(a) applies to federal statutory limitation periods). Accordingly, Petitioner had until March 1, 2000 to file his federal *habeas* claims, unless the limitation period was extended by

5

statutory or equitable tolling. Petitioner failed to do so. (Rec. Doc. No. 13, p.15).

   1.   Statutory Tolling

Section 2244(d)(2) provides that the time during which a properly filed application for post-conviction or other collateral review, with respect to the pertinent judgment or claim that is pending, shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2) (2006). A matter remains "pending" for tolling purposes until "further appellate review [is] unavailable under Louisiana's procedures." *Williams v. Cain*, 217 F.3d 303, 310 (5th Cir. 2000) (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)).

The phrase "other collateral review" refers to State court proceedings challenging the pertinent judgment subsequently challenged in the federal *habeas* petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000). The phrase "pertinent judgment or claim" requires that the State filings for which tolling is sought must have challenged the same conviction being challenged in the federal *habeas* petition and must have addressed the same substantive claim. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

The one-year AEDPA limitations period began to run in Petitioner's case on March 3, 1999, the day after his conviction was final. The limitations period ran without interruption for 365

6

days, until March 1, 2000, when it expired. Petitioner did not submit an application for post-conviction relief until June 12, 2000.[4] (Rec. Doc. No. 13, p.3). "When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). *See also Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).

Thus, Petitioner is not entitled to statutory tolling.

2. Equitable Tolling

The AEDPA's one-year filing period may be subject to equitable tolling where: (1) the petitioner has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Equitable tolling applies principally when the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004), quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, Petitioner has not proven the elements necessary for equitable tolling to be applicable to his claims. Petitioner did not file his first post-conviction application until June 12, 2000,

---

[4] The pleading itself was filed in the state trial court on June 12, 2000, but Petitioner dated the affidavit attached to the application "2nd day of March, 2001." The Magistrate Judge presumed that the signature date was the earliest date on which Petitioner submitted the pleadings to prison officials for mailing to the state trial court for filing. However, Petitioner, himself, recognized that he filed his first post-conviction application on June 12, 2000, more than three months after the one-year limitation. (Rec. Doc. No. 14, p.2).

claiming ineffective assistance of counsel, fifteen months after his conviction was final. (Rec. Doc. No. 14, p.2). While Petitioner claims he has been pursuing his rights diligently (Rec. Doc. No. 14, p.4),[5] he has not shown that any "extraordinary circumstance stood in his way" that would explain the lapse in time between the finality of his conviction on March 2, 1999 and his first, untimely application for post-conviction relief.[6] A showing of facts to support equitable tolling has not been established.

New Orleans, Louisiana, this 9th day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[5] Petitioner detailed his post-conviction filings in his Objection. (Rec. Doc. No. 14, pp.2-4).

[6] Although the Court notes that Petitioner is a *pro se* litigant, ignorance of the law, even for *pro se* litigants, generally does not excuse untimely filing. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *see also United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002).

8